09-2887-ag
Sherpa v. Holder

BIA
Balasquide, IJ
A099 928 380

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of January, two thousand eleven.

PRESENT:

DENNIS JACOBS,
       *Chief Judge,*
ROBERT D. SACK,
DEBRA ANN LIVINGSTON,
       *Circuit Judges.*

_____

GELJEN SHERPA,
       *Petitioner,*

       v.                                    09-2887-ag
                                             NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
       *Respondent.*

_____

FOR PETITIONER:    Ramesh K. Shrestha, New York, New York.

FOR RESPONDENT:    Tony West, Assistant Attorney General;
                   Blair T. O'Connor, Assistant Director;
                   Elizabeth D. Kurlan, Trial Attorney,
                   Office of Immigration Litigation, Civil
                   Division, United States Department of
                   Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Geljen Sherpa, a native and citizen of Nepal, seeks review of a June 19, 2009, order of the BIA affirming the September 20, 2007, decision of Immigration Judge ("IJ") Javier Balasquide denying Sherpa's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Geljen Sherpa*, No. A099 928 380 (B.I.A. June 19, 2009), *aff'g* No. A099 928 380 (Immig. Ct. N.Y. City Sept. 20, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review only the IJ's decision. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

**I.    Adverse Credibility Finding**

Substantial evidence supports the IJ's determination

2

that Sherpa was not credible as to his account of events after he relocated to Kathmandu in 2001. For asylum applications governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the IJ may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

Here, the record supports the IJ's partial adverse credibility based on inconsistencies between Sherpa's asylum application and his testimony. Specifically, the IJ reasonably found that: (1) Sherpa omitted significant events from his asylum application that he relied on in his testimony; and (2) Sherpa testified that he received a threatening letter in a different month than in his asylum application. Sherpa's explanations for these inconsistencies, that he omitted information from his original asylum application because he prepared it himself and gave inconsistent dates because he made an error in converting months from the Nepali calendar, do not compel a

3

different conclusion. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Sherpa's asylum application provided a very detailed statement of facts, such that the IJ was warranted to find that his failure to mention a kidnapping attempt and a threatening letter is not explained by his contention that he made a mistake. And the IJ could reasonably conclude that Sherpa's account of an error in converting the Nepali calendar into western dates is belied by the fact that the Nepali date he gave to this Court to explain the error is also inconsistent with the Nepali date provided in his asylum application.

**II. Asylum, Withholding of Removal, and CAT Relief**

In this case, the IJ erred in concluding that the incidents of harm that Sherpa suffered considered cumulatively did not rise to the level of persecution. Physical violence against an individual may constitute persecution because "violent conduct generally goes beyond the mere annoyance and distress that characterize harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). The IJ must consider "the context in which [] mistreatment occurs" when determining whether an applicant has suffered persecution. *Beskovic v. Gonzales*,

4

467 F.3d 223, 226 (2d Cir. 2006).  Sherpa testified to suffering a minor beating at the hands of Maoist rebels.  This beating took place in a context of repeated death threats, an attack on his home, and an attack on his family members, which caused him to flee his home for Kathmandu.  *See id.; Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007) ("[I]f an applicant's family member was harmed as a means of targeting the *applicant* on some protected ground, that harm may constitute persecution of the applicant" (emphasis in original)).  Based on these facts, we conclude that, as a matter of law, the harm Sherpa suffered rose to the level of persecution.  *See Beskovic*, 467 F.3d at 226; *Ivanishvili*, 433 F.3d at 341.

However, it would be futile to remand to the agency because, in considering whether Sherpa established a well-founded fear of persecution, the IJ reasonably determined that Sherpa had safely relocated to another city in Nepal.  *See Xiao Ji Chen v. U.S. Dept. Of Justice*, 471 F.3d 315, 338 (2d Cir. 2006); *see also* 8 C.F.R. § 1208.13(b)(2)(ii), (b)(3).  When an applicant has established past persecution, the regulations provide that there is a rebuttable presumption that he has a well-founded fear of future

5

persecution. 8 C.F.R. § 1208.13(b)(1). Nevertheless, an IJ must deny an application for asylum if the government rebuts the presumption of a well-founded fear of persecution with a demonstration by a preponderance of the evidence that "[t]he applicant could avoid future persecution by relocating to another part of [his] country of nationality . . . and under all the circumstances, it would be reasonable to expect [him] to do so." 8 C.F.R. § 1208.13(b)(1)(i)(B). In determining whether the presumption of a well-founded fear has been rebutted by the applicant's ability to relocate, the agency's regulations provide that the IJ should evaluate the reasonableness of internal relocation by considering, *inter alia*, "whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties." 8 C.F.R. § 1208.13 (b)(3). In this case, remand would be futile because the Court can "state with confidence" that the IJ would find any presumption of a well-founded fear of persecution rebutted when, in analyzing whether Sherpa had established a

6

well-founded fear of persecution, the IJ considered the reasonableness factors listed in the regulations and reasonably found that Sherpa had safely relocated to Kathmandu in 2001 and had lived there with his family unharmed until 2006. *See Xiao Ji Chen*, 471 F.3d at 338; *see also* 8 C.F.R. § 1208.13(b)(3).

Substantial evidence supports the agency's conclusion that Sherpa failed to establish a well-founded fear of future persecution. In denying Sherpa's application for asylum, the IJ found that while Sherpa had received threats from Maoist rebels at least six years before his hearing, those threats did not show that he had a well-founded fear of future persecution, considering that he had safely relocated to Kathmandu, where he lived for nearly five years and where his wife and children continued to live unharmed. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999); 8 C.F.R. § 1208.13(b)(3). Additionally, the IJ reasonably relied on country reports in the record to find that the cease-fire in Nepal suggested that Sherpa was in less danger of persecution at the hands of the Maoists than he was before the cease-fire. *See Lecaj v. Holder*, 616 F.3d 111, 115-16 (2d Cir. 2010). Accordingly, because the IJ

7

reasonably evaluated the factors provided in the regulations – safety of relocation, civil strife, and family ties – in determining that Sherpa could safely relocate within Nepal, and, indeed, had relocated, the IJ did not err in concluding that he did not have a well-founded fear of future persecution.  *See* 8 C.F.R. § 1208.13(b)(2)(ii) & (b)(3).

Finally, because Sherpa's claims for withholding of removal and CAT relief were based on the same factual predicate as his claim for asylum, the agency did not err in denying those forms of relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk